# United States Court of Appeals
## For the First Circuit

No. 98-1812

ELIZABETH TRULL, NATHANIEL TRULL,
BY HIS FATHER AND NEXT FRIEND DAVID TRULL,
DAVID TRULL, INDIVIDUALLY AND AS ADMINISTRATOR OF
THE ESTATE OF BENJAMIN TRULL,

Plaintiffs, Appellants,

v.

VOLKSWAGEN OF AMERICA, INC., AND
VOLKSWAGENWERK, A.G.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, Jr., U.S. District Judge]

Before

Selya, Circuit Judge,
Coffin, Senior Circuit Judge,
and Pollak, Senior District Judge.*

David P. Angueira with whom Edward M. Swartz, Alan L. Cantor, and Lisa V. Kaprielian were on brief for appellants.
Howard B. Myers with whom Bryan K. Gould was on brief for appellees.

_____

*Of the Eastern District of Pennsylvania, sitting by designation.

**Per curiam.** Appellants sought damages from appellee Volkswagen for injuries arising out of a car accident in February 1991. In a previous decision, we resolved a number of evidentiary questions arising from the trial in this diversity case. See Trull v. Volkswagen of America, Inc., 187 F.3d 88 (1st Cir. 1999). Appellants also challenged a jury instruction that required them to prove, in addition to causation, "`the nature and extent of the injuries that were enhanced'" as a result of a defect in the vehicle's design. Id. at 103. Appellants argued that once they demonstrated causation, the defendants bore the burden of apportioning damages because the enhanced injuries at issue were indivisible from the injuries that resulted from the underlying accident. The jury found for Volkswagen, and we reasoned that assignment of the burden "unquestionably may have been determinative" of the result. Id.

We noted that the question of who bears the burden in a so-called "crashworthiness" case involving indivisible injuries had divided courts across the country, and that the New Hampshire Supreme Court had not yet faced the question. Id. at 100. Concluding that placement of the burden was "quintessentially a

-2-

policy judgment appropriately made for the state by its own courts," id. at 103, we retained jurisdiction and certified the following question to the New Hampshire Supreme Court:

> Under New Hampshire law, in a crashworthiness or enhanced injury case, does the plaintiff bear the burden of demonstrating the specific nature and extent of the injuries attributable to the manufacturer, or does the burden of apportionment fall on the defendant once the plaintiff has proved causation?

Id.

The New Hampshire Supreme Court has concluded that the burden falls on the defendant:

> In crashworthiness cases involving indivisible injuries, we conclude that the plaintiffs must prove that "a design defect was a substantial factor in producing damages over and above those which were probably caused as a result of the original impact or collision. Once the plaintiff[s] make[] that showing, the burden shifts to the defendant[s] to show which injuries were attributable to the initial collision and which to the defect." Trull, 187 F.3d at 101-02.

Trull v. Volkswagen, 2000 WL 1425142, *4 (NH Sept. 28, 2000).

Because the district court's instruction placed the burden on the plaintiffs, they are entitled to a new trial. We therefore vacate the judgment of the district court and remand the case for new proceedings consistent with both our prior decision and the New Hampshire Supreme Court's response to our certified question of law.

The judgment of the district court is therefore vacated and remanded.

-3-